UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-77-RJC-DLH

| PATRICK MIXON and KELLY MIXON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| WELLS FARGO HOME MORTGAGE, WELLS FARGO BANK, N.A., US BANK NATIONAL ASSOCIATION, GS MORTGAGE SECURITIES CORP., and JOHN DOES 1-50, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (Doc. No. 9), and Plaintiffs' Motions for Temporary Restraining Order, (Doc. No. 11).

On or about July 30, 2004, Plaintiffs borrowed $423,200 (the "Loan") from Wells Fargo Bank, N.A. ("Wells Fargo"). (Doc. No. 9 at 1). In exchange for the Loan, Plaintiffs executed an Adjustable Rate Note (the "Note") payable to Wells Fargo in the principal amount of $423,200. (Id.). The Note provided that Wells Fargo "may transfer this Note" and that "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called 'Note Holder.'" (Doc. No. 9-1: Note at ¶ 1). After Wells Fargo made the Loan, it transferred the Note to U.S. Bank National Association as Trustee for GSR Mortgage Loan Trustee 2005-AR6 ("US Bank"). See (id. at 6). Plaintiffs' payment obligations under the Note are secured by a lien against certain real property located at 17029 Jetton Road, Cornelius, North Carolina 28031 (the "Property"). (Doc. No. 9 at 2). The lien against the Property was perfected by a Deed of Trust dated July 30, 2004, that was recorded in the Mecklenburg County Public Registry at Book

17572, Page 441 on August 2, 2004 (the "Deed of Trust").  (Id.; Doc. No. 9-2: Deed of Trust).

Plaintiffs defaulted on their payment obligations under the Note and defendant U.S. Bank commenced a foreclosure proceeding in Mecklenburg County Superior Court.  (Doc. Nos. 9 at 2; 14 at 2; Case No. 11-SP-2225).  On September 7, 2011, the superior court issued a Foreclosure Order declaring that:

> (1) US Bank is the holder of the Note;
>
> (2) The Note constitutes a valid debt;
>
> (3) There had been a default under the Note and Deed of Trust; and
>
> (4) US Bank is entitled to have the Deed of Trust foreclosed upon under the power of sale contained in the Deed of Trust.

(Doc. No. 9-3: Order Permitting Foreclosure).  Plaintiffs did not appeal the Order and the deadline for filing any appeal ran on Monday, September 19, 2011.  (Doc. No. 9 at 3); N.C. GEN. STAT. § 45- 21.16(d1).  On February 8, 2012, Plaintiffs filed a Complaint seeking an order declaring that the Note had been discharged and the Deed rendered unenforceable.  See (Doc. No. 1: Complaint at ¶¶ 59, 60).  Defendants filed a Motion to Dismiss on March 14, 2012.  (Doc. No. 9).

Plaintiffs argue that they are entitled to relief because Defendants lack standing to foreclose under the Deed of Trust.  See (Doc. No. 1: Complaint at ¶¶ 34 -49).  Defendants disagree, noting that the Superior court has already determined that: (i) US Bank holds a valid debt under the Note; (ii) the Note is in default; and (iii) foreclosure is an available and valid remedy in light of the Plaintiffs' failure to fulfill their payment obligations under the Note. (Doc. No. 14 at 2).

Further, Defendants argue, Plaintiffs cannot collaterally attack the Foreclosure Order

under principles of *res judiciata*. (Id.). Defendants argue that Plaintiffs' suit is barred by the doctrine of *res judicata* because the Mecklenburg County Superior Court has already determined that US Bank holds a valid debt under a Note that is in default and that foreclosure is an available and valid remedy in light of the Plaintiffs' failure to perform their payment obligations under the Note. (Doc. No. 9 at 3). The Court agrees.

The Full Faith and Credit Statute, 28 U.S.C. § 1738, obligates federal courts to apply state preclusion rules to determine whether a prior state court judgment has either issue or claim preclusive effect. See, e.g., Kremer v. Chemical Const. Corp., 456 U.S. 461, 467 (1982) ("[T]he federal courts consistently have applied res judicata and collateral estoppel to causes of action and issues decided by state courts."). To rely on collateral estoppel, a party must satisfy five criteria:

> (1) that "the issue sought to be precluded is identical to one previously litigated" ("element one"); (2) that the issue was actually determined in the prior proceeding ("element two"); (3) that the issue's determination was "a critical and necessary part of the decision in the prior proceeding" ("element three"); (4) that the prior judgment is final and valid ("element four"); and (5) that the party against whom collateral estoppel is asserted "had a full and fair opportunity to litigate the issue in the previous forum" ("element five").

Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006) (quoting Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998)).

Under North Carolina law, foreclosure pursuant to a power of sale requires a hearing before the clerk of superior court to determine four issues: (1) the existence of a valid debt; (2) the existence of a default; (3) the trustee's right to foreclose; and (4) the sufficiency of notice to the record owners. N.C. GEN. STAT. § 45-21.16(d); Phil Mech. Constr. Co., Inc. v. Haywood, 325 S.E.2d 1, 3 (N.C. Ct. App. 1985); Merrill Lynch Business Financial Services, Inc. v. Cobb, No. 5:07-cv-129-D, 2008 WL 6155804, at *3 (E.D.N.C. Mar. 18, 2008). If the clerk of court

3

finds a factual basis supporting each item, the clerk may authorize the trustee under the deed to proceed pursuant to the power of sale contained in the deed. Phil Mech., 325 S.E.2d at 3. Issues that the clerk of court decides at a foreclosure hearing "as to the validity of the debt and the trustee's right to foreclose are *res judicata* and cannot be relitigated in an action for strict judicial foreclosure." Id. A party may appeal decisions of the clerk of court to the superior court, where they are reviewed de novo. N.C. GEN. STAT. § 45-21.16(d1); Phil Mech., 325 S.E.2d at 3. In conducting its review, the superior court may consider evidence of legal defenses tending to negate any of the four findings required under N.C. Gen. Stat. § 45-21.16. See In re Foreclosure of Deed of Trust, 432 S.E.2d 855, 859 (N.C. 1993). The review is limited to these four findings, and the superior court has no equitable jurisdiction to enjoin foreclosure on any ground other than the ones stated in N.C. Gen. Stat. § 45-21.16. See In re Helms, 284 S.E.2d 553, 555 (N.C. Ct. App. 1981).

Alternatively, a party may raise equitable defenses in a separate action to enjoin the foreclosure sale. See N.C. GEN. STAT. § 45-21.34; In re Foreclosure, 432 S.E.2d at 859; In re Helms, 284 S.E.2d at 555. Section 45-21.34 provides that "[a]ny owner of real estate ... may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed . . . to enjoin such sale . . . upon any . . . legal or equitable ground which the court may deem sufficient." N.C. GEN. STAT. § 45-21.34. The rights of the trustee of the Notes become fixed at the expiration of a ten-day period for the filing of upset bids. Id. § 45-21.29A; In re Smith, 24 B.R. 19, 23 (Bankr. W.D.N.C. 1982). At that point, the debtor loses its rights to the equity of redemption. In re Smith, 24 B.R. at 23.

Here, Plaintiffs failed to appeal the order of foreclosure to the superior court within the requisite time period. Plaintiffs also failed to file a separate action in superior court to enjoin the

4

foreclosure sales on equitable grounds. The Court finds *res judicata* prevents relitigation of the issues underlying the superior court's order permitting foreclosure of the Property. See Merrill Lynch, 2008 WL 6155804, at *4. Defendants have sufficiently established that (1) the issue of whether the foreclosure is permissible is "identical to one previously litigated in superior court;" (2) the superior court "actually determined the issue" by holding that US Bank is entitled to have the Deed of Trust foreclosed upon; (3) this determination was a critical and necessary part of the superior court's decision to issue a foreclosure order, (Doc. No. 9-3); (4) Plaintiffs' failed to appeal so the prior judgment is final and valid; and (5) Plaintiffs had a full and fair opportunity to litigate the issue in the previous forum. See Collins, 468 F.3d at 217.

The Mecklenburg County Superior Court has already determined that US Bank holds a valid debt under a Note that is in default and that foreclosure is an available and valid remedy in light of the Plaintiffs' failure to perform their payment obligations under the Note. (Doc. No. 9 at 3). Therefore, Plaintiffs' suit is barred by the doctrine of *res judicata*. The Supreme Court has explained that issue preclusion serves an important and necessary purpose because "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Defendants' Motion to Dismiss, (Doc. No. 9), is **GRANTED**.

Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") on March 15, 2012. (Doc. No. 11). This is the third, apparently identical, Motion for TRO that Plaintiffs have filed. In their most recent Motion, Plaintiffs seek a TRO stopping and/or preventing the foreclosure of their home, located at 17029 Jetton Road, Cornelius, North Carolina 28031. (Id. at 1). Plaintiffs

indicate that "the Defendant" issued a Notice of Trustee Sale and intended to sell their home at a public auction on April 2, 2012. (Id.). The Court finds that Plaintiffs cannot show a likelihood of success on the merits, or that they are otherwise entitled to enjoin the foreclosure sale scheduled to take place on April 2, 2012. Therefore, Plaintiffs' Motion for Temporary Restraining Order, (Doc. No. 11), is **DENIED**.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 9), is **GRANTED**; and
2. Plaintiffs' Motion for Temporary Restraining Order, (Doc. No. 11), is **DENIED**.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge