# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-77-RJC-DLH

| | |
|---|---|
| PATRICK MIXON and KELLY MIXON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ORDER ) |
| WELLS FARGO HOME MORTGAGE, WELLS FARGO BANK, N.A., US BANK NATIONAL ASSOCIATION, GS MORTGAGE SECURITIES CORP., and JOHN DOES 1-50, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** comes before the Court sua sponte. By Order dated April 13, 2012, this Court granted a Motion to Dismiss, (Doc. No. 9), by all of the named Defendants. Remaining in this action now are John Does 1-50. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). "The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Anderson v. Davies, No. 3:10–2481–CMC–JRM, 2012 WL 1038663, at *6 (D.S.C. Mar. 28, 2012) (citing Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). "However, once filed, it is incumbent upon a plaintiff to amend his pleadings to correctly identify the specific individuals involved so that the matter may proceed to judgment." Id. As noted by the Fourth Circuit:

> A district court is not required to act as an advocate for a pro se litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.

Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Although Plaintiffs name John Does 1-50 in the caption of their Complaint, they do not mention them again in the text of their Complaint. See (Doc. No. 1); see also Schiff, 691 F.2d at 197 (John Doe suits are permissible only against "real, but unidentified, defendants."). Thus, Plaintiffs have not "alleged a cause of action which may be meritorious against a person or persons unknown." Gordon v. Leeke, 574 F.2d at 1152-53. Further, Plaintiffs have not made any effort to amend their pleadings to correctly identify the John Doe defendants. Therefore, John Does 1-50, the only remaining defendants in this action, are **DISMISSED**.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** in its entirety.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge